# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S.A. DAWGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPILOTRO LAW GROUP, LLC, <br><br> Defendant. | Case No. 2:16-cv-02238-APG-NJK <br><br> **ORDER GRANTING MOTION TO QUASH AND DENYING MOTION TO DISMISS** <br><br> (ECF Nos. 13, 14) |

The parties dispute whether plaintiff U.S.A. Dawgs, Inc. ("Dawgs") properly and timely served a summons and complaint upon defendant Spilotro Law Group, LLC (SLG). SLG moves to dismiss the case based on Dawgs not effecting formal service until after expiration of the time to serve under Federal Rule of Civil Procedure 4(m). In the alternative, SLG moves to quash service as ineffective under the applicable rules. I deny SLG's motion to dismiss, as dismissal is not warranted in this case. I grant the motion to quash service, but grant leave for Dawgs to properly serve SLG.

**I.  BACKGROUND**

On September 23, 2016, Dawgs filed a complaint against SLG and Daniel Spilotro. ECF No. 1. On September 30, Dawgs moved to amend the complaint to redact some confidential information, which was granted. ECF No. 6. Dawgs later voluntary dismissed Daniel Spilotro after a communication from SLG's counsel. ECF No. 16 at 3.

On January 4, 2017, the clerk of this court issued a notice of intent to dismiss pursuant to Rule 4(m). ECF No. 9. On January 9, 2017, Dawgs attempted to effect personal service on SLG. ECF No. 13 at 2. An associate attorney at SLG, Adam Rutstein, accepted a copy of the summons and complaint. ECF No. 13, Ex. A. It is disputed whether Rutstein understood what he was accepting. *See id.*; ECF No. 16 at 3. Further, the "Affidavit of Service" provided by Dawgs

identifies a "Morgan Pattersen" as the individual served. ECF No. 10, Ex. 1. SLG denies this person was an associate or employee at its office. ECF No. 16 at 5.

SLG then filed this motion to quash service and to dismiss the litigation. SLG argues that Dawgs did not serve it within the time required under the Federal Rules of Civil Procedure, and that the attempt at service was ineffective under federal law, Nevada law, and Illinois law. Dawgs argues that it reasonably believed that SLG would waive formal service of process, and that its service was effective under both Nevada and Illinois law. Alternatively, Dawgs asks for an extension of time to formally serve SLG.

**II. ANALYSIS**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint. Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service of process is insufficient, I have the discretion to dismiss an action or to quash service. *See, e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

### a. Effective service under FRCP 4(h)

Under Rule 4(h)(1), a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process." Rule 4(e)(1) allows for service by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, service could be effected by following Nevada or Illinois law.

#### i. Federal law

SLG argues that Mr. Rutstein, upon whom service was made, does not fall into any of the categories in Rule 4(h)(1)(B). ECF No. 13 at 4. SLG moves to quash because Rutstein "was not

authorized to accept service of process nor was he directly asked to accept such service of process." *Id.* Dawgs does not directly respond to this argument, instead arguing that service was effective under state law. ECF No. 16 at 5. Dawgs therefore has not met its burden of showing service was valid under Federal Rule 4(h)(1)(B).

### ii. Nevada law

"Jurisdiction over foreign corporations may be accomplished under Nevada law by complying with the procedures set forth in [Nevada Rule of Civil Procedure] 4(d)(2) or [Nevada Revised Statutes §] 14.030." *C.H.A. Venture v. G.C. Wallace Consulting Eng'rs, Inc.*, 794 P.2d 707, 709 (Nev. 1990). "[N]otice is not a substitute for service of process. Personal service or a legally provided substitute must still occur in order to obtain jurisdiction over a party," so participation in litigation is not a sufficient substitute for service of process. *Id.* Under Nevada Rule 4(d)(2), service upon a foreign corporation without any Nevada-based official "may be made by delivery to the secretary of state or the deputy secretary of state" and "posting a copy of said process in the office of the clerk of the court in which such action is brought or pending." Under Nevada Revised Statutes § 14.030, service may be made "by delivering a copy to the Secretary of State or, in the absence of the Secretary of State, to any deputy secretary of state."

It is undisputed that Dawgs did not properly serve SLG under either of these statutes. Dawgs argues that its service was effective under Nevada Revised Statute § 14.020, which allows for service "by leaving a true copy . . . with a person of suitable age and discretion at the most recent street address of the registered agent." Nev. Rev. Stat. § 14.020(2). However, this provision applies only to entities "doing business in [Nevada]." *Id.* § 14.020(1). SLG "does not do business within the State of Nevada and is not registered with the State." ECF No. 17 at 2. Therefore, Dawgs' service was not effective under Nevada state law.

### iii. Illinois law

The parties cite competing statutes for the relevant manner of service under Illinois law. SLG moves to quash under 805 Ill. Comp. Stat. 180/1-50. That statute states that "[a]ny process . . . required or permitted by law to be served upon . . . a limited liability company . . . shall be

served either upon the registered agent appointed by the limited liability company or upon the Secretary of State." 805 Ill. Comp. Stat. 180/1-50(a). Dawgs argues that its service was proper under 735 Ill. Comp. Stat. 5/2-204, which states that a "private corporation may be served . . . by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the state." 735 Ill. Comp. Stat. 5/2-204.

"It is a commonplace of statutory construction that when two conflict statutes cover the same subject, the specific governs the general." *People ex rel. Madigan v. Burge*, 18 N.E.3d 14, 22 (Ill. 2014) (internal quotations omitted). The more specific service provision applying directly to limited liability companies governs in this case. *Cf. Chi. Reg'l Council of Carpenters v. Joseph J. Sciamanna, Inc.*, 2009 WL 1543892, at *5 (N.D. Ill. 2009) ("Under Illinois law, process on a limited liability company must be served upon the company's registered agent or upon the Illinois Secretary of State if the company does not have a registered agent in the state."). SLG is a limited liability company, and thus Dawgs needed to comply with 805 Ill. Comp. Stat. 180/1-50, which mandates service upon SLG's registered agent or the Secretary of State. Dawgs did not comply with the statute, and thus its service was not effective under Illinois law.

### b. FRCP 4(m)

The defendant moves to dismiss under Rule 12(b)(5) for insufficient service of process. ECF No. 13 at 2. Under Rule 4(m), a plaintiff has "90 days after the complaint is filed" to serve process on the defendant. If service is not timely, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The service period contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the [90]-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that . . . period." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (emphasis in original). Moreover, the Advisory Committee Notes to the Rule state that it "authorizes the court to relieve a plaintiff of the consequences of an application [of Rule 4(m)]

even if there is no good cause shown." Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

SLG argues that there is no good cause for the delay in service. ECF No. 13 at 3. It argues that Dawgs' failure to serve it within 90 days after the complaint was filed "requires the Court to dismiss the action, sans prejudice, against the unserved defendants." *Id.* at 2. Dawgs argues it was reasonably led to believe that SLG would waive service of process by SLG's "pre-appearance litigation conduct," namely its attorney sending Dawgs a letter stating proper service had not been effected and threatening to file a Rule 11 motion. ECF No. 16 at 9. Dawgs argues that "counsel's letter insufficiently provided notice [that service was improper] because he failed to identify the alleged defects in service with specificity." *Id.*

If good cause exists to extend the time for service I must do so, but there is no parallel requirement to not exercise my discretion to extend time even if good cause is not shown. *See* Fed. R. Civ. P. 4(m). Given my broad discretion in determining whether to grant an extension, I deny the defendant's motion to dismiss pursuant to Rule 4(m). Instead, I grant Dawgs an extension to properly serve SLG. Proper service must be effected within 14 days of entry of this order.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendant's motion to quash service and dismiss (ECF Nos. 13, 14) is **GRANTED IN PART.** The motion to quash service is granted. The motion to dismiss is denied.

IT IS FURTHER ORDERED that the plaintiff shall have 14 days from entry of this order to properly serve defendant Spilotro Law Group, LLC.

DATED this 26th day of September, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE