# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S.A. DAWGS, INC.,
            Plaintiff(s),

v.

SPILOTRO LAW GROUP, LLC,
            Defendant(s).

Case No. 2:16-cv-02238-APG-NJK

ORDER

(Docket Nos. 36, 37)

Pending before the Court is a stipulation for a settlement conference and to reopen discovery. Docket Nos. 36, 37. The stipulation is hereby **DENIED** without prejudice.

A.    Procedural Defects

The stipulation is procedurally defective. First, the local rules prohibit the filing of documents seeking diverse types of relief and, instead, a separate request must be filed for each type of relief sought. Local Rule IC 2-2(b); *see also* Docket No. 38. Second, the stipulation fails to provide a signature line as required. Local Rule 7-1(e) (incorporating form requirements from Local Rule IA 6-2).[1] Third, the stipulation provides an incorrect statement as to when requests for extensions must be made, as they are due 21 days before the expiration of the subject deadline(s) for which extension is sought and not 21 days before the discovery cutoff. *Compare* Local Rule 26-4 *with* Docket No. 36 at 7. This has already

---

[1] Although the filing is captioned as a "joint motion," it is presented by all parties remaining in the case and is, therefore, a stipulation. *See* Local Rule 7-1(c).

been pointed out to the parties in this case. Docket No. 20 at 3 (rejecting and replacing portion of discovery plan).[2]

B. Substantive Defects

The stipulation is substantively defective. Requests to reopen expired deadlines in the scheduling order must be supported by both "good cause" and "excusable neglect." *See* Local Rule 26-4; *see also* Docket No. 26 at & n.1 (explaining the applicable standards when a deadline has already expired). The stipulation fails to address excusable neglect at all. Such a shortcoming is especially problematic in situations, like the one here, where discovery closed several months ago and the case should be primed for trial. *See id.* at 1-2 (establishing discovery cutoff of November 2, 2017, and deadline to file joint proposed pretrial order of January 3, 2018).

With respect to good cause, the stipulation indicates that it is an "abstract term" for which "scant" case law exists providing guidance. Docket No. 36 at 3. In making this assertion, the parties ignore well-established and binding Ninth Circuit case law providing a concrete standard for "good cause" in the context of requests to extend the deadlines in the scheduling order. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *see also Derosa v. Blood Sys., Inc.*, 2013 WL 3975764, at *1 & n.1 (D. Nev. Aug. 1, 2013). Making matters worse, the stipulation is not only internally inconsistent but also contradicted by other representations in the record. The stipulation indicates that "[t]he illness and injury suffered by counsel for Defendant has essentially taken him out of the office for almost five months." Docket No. 36 at 6. Earlier in the stipulation, however, the parties represent that counsel's medical procedure occurred "in September of 2017 [and] took him effectively from his office for approximately two weeks," and that the "remainder of the discovery period" was spent conferring over discovery disputes, dealing with issues of service, and engaging in settlement

---

[2] For example, the stipulation seeks to reopen, *inter alia*, the deadline for expert disclosures. Docket No. 36 at 6. Any request to extend that deadline should have been filed by August 14, 2017. *Compare* Docket No. 26 at 1 (setting deadline for September 4, 2017) *with* Local Rule 26-4 (requests to extend a deadline must be filed 21 days before its expiration).

2

discussions. *Id.* at 2.[3] Moreover, the parties represented to the Court on October 4, 2017, that "discovery is ongoing" and made no mention of counsel being unable to conduct discovery due to a medical issue. Docket No. 30 at 2. Hence, it appears that counsel was only sidelined for two weeks as a result of the medical issue and that he was back to work as of at least October 4, 2017 (or almost four months before the pending stipulation was filed). No showing has been made that a two-week absence suffices to reopen discovery at this late date.[4]

### C. Conclusion

For the reasons discussed above, the stipulation is **DENIED** without prejudice. Any renewed request shall be filed by February 12, 2018.[5] Counsel shall ensure that such request complies with all applicable rules. Counsel shall also ensure that such request identifies and addresses the applicable standards. Unless a renewed request is filed and granted, the parties shall file a joint proposed pretrial order by March 12, 2018.

IT IS SO ORDERED.

DATED: January 29, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] No showing has been made that these other reasons suffice to reopen discovery. *But see, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 1164941, *4 (E.D. Cal. Mar. 20, 2013) ("as a legal matter, settlement discussions do not, in of themselves, arise to good cause for modifying the scheduling order"); *Rybski v. Home Depot USA, Inc.*, 2012 WL 5416586, *2 (D. Ariz. Oct. 17, 2012) ("settlement conferences or discussions do not constitute good cause to modify a scheduling order").

[4] The Court is certainly sympathetic to attorneys who have medical conditions impacting their ability to fulfill their obligations to their client and to the Court. At the same time, the Court has a duty to determine whether the applicable standards have been met and cannot blindly credit a representation that is plainly inconsistent with other representations.

[5] The Court has not chronicled herein all of the deficiencies with the current stipulation. Counsel should not construe any such silence as tacit approval. For example, the stipulation seeks an extraordinary additional 150 days for discovery without any meaningful explanation why such relief is warranted based on the circumstances of this case. *But see* Local Rule 26-1(b)(1) (establishing that 180 days is presumptively reasonable <u>for the entire discovery period</u>).